```
                                FILED
                       CLERK, U.S. DISTRICT COURT

                            AUG 3 1 2009

                       CENTRAL DISTRICT OF CALIFORNIA
                       BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALLEN LEPORE,<br><br>    Petitioner,<br><br>    v.<br><br>D. BROOME, parole agent for the State of California and JERRY BROWN, attorney general of the State of California,<br><br>    Respondents. | Case No. CV 09-02493 DDP (AN)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

**I. SUMMARY**

Before the Court is a petition for a writ of habeas corpus ("Petition") (dkt. #1-1, 1-2) filed by Joseph Allen Lepore ("Petitioner"), proceeding in *pro se*. As discussed below, this Court finds the Petition must be dismissed because it is an unauthorized successive petition.

///

///

## II. BACKGROUND

The Petition, this Court's own records,[1] and relevant state court records,[2] establish Petitioner is currently in state parole custody for a February 10, 2004 conviction on two counts of second degree burglary in violation of Cal. Penal Code § 459 that he sustained in the Los Angeles Superior Court (case no. GA052032). (Pet. (dkt. #1-1) at 1, 3-7.)[3] The trial court also found true the allegations that Petitioner suffered one prior 1981 felony conviction for lewd conduct with a minor that constitutes a serious and/or violent felony within the meaning of California's Three Strikes Law (Cal. Penal Code §§ 1170.12(a)-(d), 667 (b)-(i)), and two prior felony convictions for which he served separate prison terms, within the meaning of Cal. Penal Code § 667.5(b). Petitioner was sentenced to a total prison term of 6 years, "comprised of a two-year term for one count of burglary, doubled under the three strikes law, and two one-year prison term enhancements. Sentence on the other count of burglary was stayed." *People v. Lepore*, 2005 WL 1580649, *1 (Cal. Ct. App. 2nd Dist./Div. 2, case no. B175102, unpub. op. filed July 5, 2005).

The Petition and this Court's own records further establish the Petition is an unauthorized successive petition because it constitutes Petitioner's <u>fourth</u> attempt to challenge his state custody arising from his 2004 burglary conviction and related sentence. Specifically, on November 14, 2006, Petitioner filed his first § 2254 petition directed at his 2004 conviction and sentence ("Petition A") that raised a sentencing error

---

[1] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[3] The Petition is not on the Court-approved habeas form and is 172 pages in length, including exhibits. The pages of the Petition and attached exhibits are not consecutively numbered in the manner required by Local Rules 11-3.3 and 1-5.2. For convenience and continuity, pages of the Petition and exhibits shall be cited using the electronic pagination furnished by the Court's ECF/CM system.

claim this Court determined to be untimely, therefore, on February 8, 2007, Petition A was dismissed with prejudice. *Lepore v. Mendoza-Powers*, case no. CV 06-07262 DDP (AN), 2/8/07 Memorandum and Order. About eight months later, on October 12, 2007, Petitioner filed another § 2254 petition for the same purpose ("Petition B") that raised a similar sentencing error claim that was summarily dismissed by this Court on June 23, 2008, because it was an unauthorized successive petition. *Lepore v. Watson*, case no. CV 07-6637 DDP (AN), 6/23/08 Order Dismissing Petition for a Writ of Habeas Corpus by a Person in State Custody as Successive. Next, on September 4, 2008, Petitioner filed a third petition, specifically, a petition for a writ of mandamus ("Petition C") asking this Court to order the state appellate courts to modify his sentence based upon the same sentencing error claim that is raised in his pending Petition -- that the trial court erroneously enhanced his sentence based upon his 1981 felony conviction for committing a lewd act upon a child in violation of Cal. Penal Code § 288A that he sustained in the Los Angeles Superior Court in *People v. Lepore*, case no. A368573, which Petitioner contends is invalid because the 1981 conviction was obtained pursuant to an invalid plea agreement. On April 1, 2009, this Court dismissed Petition C for lack of jurisdiction. *In re Lepore*, case no. CV 08-5779 DDP (AN), 4/1/09 Order Dismissing Petition For Writ of Mandamus For Lack of Jurisdiction.

On April 10, 2009 -- nine days after this Court dismissed Petition C -- Petitioner filed his pending Petition.

### III. DISCUSSION

**A.      Standard of Review**

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 in the United States District Court allows for the dismissal of a petition if it plainly appears the petition and attached exhibits showed the petitioner is not entitled to relief in the district court. "Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no

jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam; citations and quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Local Rule 72-3.2 of this Court further provides that "if it plainly appears from the face of the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

Based on this Court's prior ruling that Petition A was time-barred and dismissed with prejudice, and based upon this Court's prior ruling that Petition B was an unauthorized second or successive petition relative to Petition A, the Court will evaluate whether the pending Petition is a successive petition in violation of 28 U.S.C. § 2244(b) that must be dismissed for lack of jurisdiction.

**B.     Analysis**

As a threshold matter, the Court finds the Petition is properly construed as a § 2254 habeas petition because § 2254 is the "exclusive vehicle" for Petitioner to challenge the constitutionality of his state parole custody arising from his 1994 burglary conviction. *See White v. Lambert*, 370 F.3d 1002, 1005-10 (9th Cir. 2004) (state prisoners must use a § 2254 habeas petition to challenge all aspects of their state custody, "even when the petitioner is not challenging his underlying state court conviction."). The Court also finds Petitioner's unserved parole status for his 1994 burglary conviction satisfies the "in custody" requirement of § 2254. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (holding § 2254's "in custody" requirement is not limited to incarceration, but includes other significant restraints such as parole).

The provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to the pending Petition because it was filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997). According to 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive § 2254 habeas corpus application that was presented in a prior application must be dismissed. § 2244(b)(1). A three-judge panel

of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007). Further, before filing a successive petition in a district court within this circuit, the petitioner must first obtain an order from the United States Court of Appeals from the Ninth Circuit authorizing the district court to consider the petition. *See* § 2244(b)(3)(A)-(C); *Burton*, 549 U.S. at 152-53. Without leave of the Ninth Circuit, the district court must dismiss a successive petition for lack of jurisdiction. *Burton, id.* at 153; *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). It is well-settled that § 2254 petitions are subject to the successive petition provisions of § 2244(b) as amended by the AEDPA. *White*, 370 F.3d at 1007.

The Court finds the pending Petition is plainly successive to Petitions A and B because all three petitions are directed at an aspect of Petitioner's state custody and sentence arising from his 2004 burglary conviction. Further, the sentencing error claim raised in the pending Petition, which challenges the validity of his 1981 lewd conduct conviction to the extent it was used to enhance his sentence and extends the time of his parole status, is substantively the same claim that he raised in Petition A that was dismissed with prejudice. Petitioner has not alleged nor presented any evidence that shows he sought and was granted permission from the Ninth Circuit to file a second or successive petition with this Court raising either a prior or new claim. Accordingly, the Court finds the Petition is an unauthorized successive petition that must be dismissed because this Court lacks jurisdiction to consider it. § 2244(b)(3).

///

///

## III. CONCLUSION

Based upon the foregoing, the reference to the Magistrate Judge is vacated and this case is summarily dismissed for lack of jurisdiction. The Clerk is directed to enter the judgment dismissing the Petition. Any and all other pending motions are terminated.

IT IS SO ORDERED.

Dated: August 28, 2009

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

/ s / ARTHUR NAKAZATO
Arthur Nakazato
United States Magistrate Judge